UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

VIKTORIIA KARMANOVA               DOCKET NO. 6:25-cv-00803
   A249-138-137

VERSUS                            JUDGE ROBERT R. SUMMERHAYS

SOUTH LOUISIANA ICE PROCESSING    MAGISTRATE JUDGE DAVID J. AYO
CENTER

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Viktoriia Karmanova on June 9, 2025. (Rec. Doc. 1). Karmanova is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE") and is currently detained at the South Louisiana ICE Processing Center in Basile, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

I.    BACKGROUND

Karmanova is a native and citizen of Russia. She has been in ICE custody since August 2024 after she requested asylum at a U.S. port of entry. (Rec. Doc. 1 at 7). At the time of filing, she had passed her Credible Fear Interview yet remained in pre-removal detention without bond or parole. *Id.*

According to the EOIR Automated Case Information website, a final order of removal was entered on June 18, 2025[1]. No appeal was filed. *Id.*

---

[1] https://acis.eoir.justice.gov/en/caseInformation

## II. LAW & ANALYSIS

### A. *Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under Section 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, the Court review the pleadings and exhibits before it to determine whether any right to relief is indicated or whether the petition must be dismissed.

### B. *Analysis*

At the time she filed the instant petition, Karmanova was in pre-removal order detention. On June 18, 2025, an Immigration Judge ordered her removed and that order became final on July 18, 2025.[2] Since then, she has been in post-removal order detention. *See* 8 U.S.C. § 1231.

Under Section 1231(a)(1)(A), ICE has 90 days to remove an alien after he is ordered removed. However, the Supreme Court has held that Section 1231 permits the detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from

---

[2] An order of removal "shall become final upon the earlier of—(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." *See* 8 U.S.C. § 1101(47)(B). 8 C.F.R. 3.38 requires that a Notice of Appeal shall be received by the Board of Appeals within 30 calendar days of the Immigration Judge's ruling. *See Smith v. Conner*, 250 F.3d 277 (5th Cir. 2001).

the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Detention for up to six months after the removal order becomes final is presumptively reasonable. *Id.*

After six months, however, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing. The six-month presumption does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas,* 533 U.S. at 701.

Because Karmanova's removal order became final on July 18, 2025, she has not been in post-removal-order detention longer than the presumptively reasonable six-month period set forth in *Zadvydas*. Thus, the instant habeas petition should be dismissed as premature. *See Okpoju v. Ridge,* 115 F. App'x 302 (5th Cir. 2004), *cert. denied*, 544 U.S. 1066, 125 S. Ct. 2528, 161 L. Ed. 2d 1120 (2005); *see also Chance v. Napolitano*, 453 F. App'x 535 (5th Cir. 2011); *Agyei-Kodie v. Holder,* 418 F. App'x 317, 318 (5th Cir. 2011) (although 90-day period had expired, challenge to detention was premature because petitioner had not been in post-removal-order custody more than six months)

### III.
#### CONCLUSION

For the reasons stated above, Karmanova's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that all pending motions be **DENIED** as **MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers this 8th day of August, 2025.

David J. Ayo
United States Magistrate Judge